UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER MUSTAICHE | CIVIL ACTION |
| Versus | NO.: 11-2907 |
| U.S. BANK NATIONAL ASSOCIATION | SECTION: "F" |

ORDER AND REASONS

Before the Court is U.S. Bank's motion for judgment on the pleadings. For the reasons that follow, the motion is GRANTED in part, and DENIED in part.

**Background**

On April 18, 2006, Peter Mustaiche signed a promissory note for $84,000, payable to Option One Mortgage Corporation. In early September 2009, plaintiff defaulted on the note and mortgage.

Shortly after plaintiff's default, U.S. Bank filed a petition to its enforce security interest by executory process in state court to foreclose on plaintiff's house. When U.S. Bank filed the foreclosure suit, it deposited with the state court the original promissory note and mortgage, which also contained a confession of judgment. The facts that U.S. Bank alleged in the foreclosure suit were verified in an affidavit by Tonya Hopkins, allegedly a representative of U.S. Bank.

On February 10, 2010, the state court issued a writ of seizure and instructed the local sheriff's office to seize

plaintiff's house.  U.S. Bank asserts that it made ten attempts to serve the plaintiff with a notice of seizure.  To ensure that plaintiff had notice of the sale, the date of the foreclosure itself was delayed numerous times (from May 10, 2010 to July 20, 2011), and U.S. Bank appointed a curator to receive service on behalf of the plaintiff and determine his whereabouts.  The curator was successful, and on May 7, 2011 the plaintiff confirmed to the curator that he was aware of the pending foreclosure and had hired an attorney.

On July 18, 2011, two days before the scheduled foreclosure sale, plaintiff filed a petition for damages and injunctive relief in state court, seeking to block the foreclosure sale from taking place.  Plaintiff asserts that there were numerous defects with U.S. Bank's attempt to foreclose on the house, which entitle him to relief.[1]  The judge held a telephone conference on July 19, 2012, and he denied the plaintiff's request for injunctive relief to stop the foreclosure.  Plaintiff's house was sold to U.S. Bank on July 20, 2011, at a public sale, for $82,000.  U.S.

---

[1] The plaintiff asserts that (1) the blank endorsement to the note filed in the foreclosure suit was not in authentic form; (2) the affidavit of Tonya Hopkins verifying the allegations in the foreclosure suit, including the fact of plaintiff's default, was not competent evidence; (3) U.S. Bank did not support the foreclosure suit with a trust agreement or other evidence establishing its right to proceed as trustee of certain certificateholders, and (4) U.S. Bank improperly appointed a curator to represent plaintiff's interest in the foreclosure suit.

Bank asserts that even though it is now the owner of the house, the plaintiff is still living in the house and U.S. Bank has not been successful in evicting him.

U.S. Bank asserts that it was not served with a copy of the petition for injunctive relief and damages that was filed in state court on July 18, 2011 until October 20, 2011. It appears, therefore, that U.S. Bank had no notice of the plaintiff's state court lawsuit during the foreclosure proceedings. U.S. Bank timely removed the case to this Court, citing diversity of citizenship and federal question jurisdiction as the bases for doing so.[2] U.S. Bank has now filed a motion for judgment on the pleadings, seeking to dismiss plaintiff's case.

I.

The standard for deciding a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). Great Plains Trust Co. V. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002). A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. Id. at 313.

---

[2] The plaintiff asserts that he is seeking damages under federal law for the improper sale of his home.

II.

The central issue in this case is whether Tonya Hopkins' affidavit signature is genuine, and whether she in fact had the required personal knowledge to prepare the affidavit in question. Plaintiff has been unresponsive and thus has waived the other issues raised in defendant's motion for judgment on the pleadings.[3]

Whether Tonya Hopkins' signature was forged on the affidavit in this case is a fact issue that the Court cannot determine on a motion for judgment on the pleadings. Plaintiff submits numerous documents showing Ms. Hopkins' signature appearing in various forms, from different companies. These documents create a disputed issue, which the Court cannot resolve at this stage of

---

[3] In its motion for judgment on the pleadings, U.S. Bank addresses the plaintiff's assertions in his complaint that 1) the blank endorsement to the note filed in the foreclosure suit was not in authentic form; (2) the affidavit of Tonya Hopkins verifying the allegations in the foreclosure suit, including the fact of plaintiff's default, was not competent evidence; (3) U.S. Bank did not support the foreclosure suit with a trust agreement or other evidence establishing its right to proceed as trustee of certain certificateholders, and (4) U.S. Bank improperly appointed a curator to represent plaintiff's interest in the foreclosure suit. U.S. Bank also asserts that any request for injunctive relief to stop the sale of his home in plaintiff's state court petition is now moot, as the house has already been sold. In his response memorandum, the plaintiff only discusses Tonya Hopkins' affidavit and states that "The only question is whether Tonya Hopkins signature is genuine and authentic." The plaintiff does not mention the other four issues. Accordingly, all issues other than the authenticity of Tonya Hopkins' signature and her competency to prepare the affidavit are deemed waived.

the litigation.

Accordingly, IT IS ORDERED: U.S. Bank's motion for judgment on the pleadings is GRANTED as to those issues to which the plaintiff does not respond, and is DENIED only as to the issue of Tonya Hopkins' signature.

New Orleans, Louisiana, June 19, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE